# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NOAH R. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:12-cv-00061-WTL-WGH |
| | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

## I.

The Seventh Circuit has held that under the mandatory language of the federal parole statute, 18 U.S.C. § 4206(a), an inmate has an expectation of parole that is worthy of due process protection. *Solomon v. Elsea,* 676 F.2d 282, 285 (7th Cir. 1982); *see also Morrissey v. Brewer,* 408 U.S. 471, 482 (1972). It is the vindication of this interest which brings Noah Robinson ("Robinson") to seek a writ of habeas corpus.

### Background

Robinson is confined in this District serving the executed portion of various sentences imposed by the United States District Court for the Northern District of Illinois. *See United States v. Boyd,* 208 F.3d 638 (7th Cir. 2001) (affirming Robinson's convictions); *United States v. Green,*

6 Fed. Appx. 377 (7th Cir. 2001) (unpublished disposition)(reinstating original judgments against Robinson and his co-defendants after *Apprendi* remand); *United States v. Robinson,* 55 Fed. Appx. 781 (7th Cir. 2003)(unpublished disposition)(rejecting Robinson's claim that the trial court reduced his sentence from life imprisonment to a term of ten years). The history of the case can be found in *United States v. Boyd,* 208 F.3d 638 (7th Cir. 2000), though the most recent chapters in the criminal case are found at *United States v. Green,* 6 Fed. Appx. 377 (7th Cir. 2001) (unpublished order), and *United States v. Robinson*, 251 F.3d 594 (7th Cir. 2001).

Robinson's convictions in No. 89-CR-908-31 included "old law" sentences (based on offenses committed prior to November 1, 1987) as well as "new law" sentences (based on offenses committed after November 1, 1987). He was eligible for parole only as to the old law sentences.

Robinson's old law sentences commenced on December 20, 1990, although he was given credit toward those sentences from October 27, 1989 through December 19, 1990. The same is true as to the commencement and the credit toward the new law sentences in No. 89-CR-908-31.

Robinson completed the old law sentences from No. 89-CR-908-31 on March 19, 1994 and completed his new law sentences in No. 89-CR-908-31 on January 18, 1995. Robinson was then transferred from federal custody to the custody of South Carolina authorities. He was placed in federal custody on March 29, 1995 pursuant to a writ of habeas corpus *ad prosequendum*.

There was a retrial in No. 89-CR-908-31. Once again, Robinson was convicted and received both "old law" and "new law" sentences.

Robinson's later motion for relief pursuant to 28 U.S.C. § 2255 was denied. His request for the issuance of a certificate of appealability from that disposition was denied in *United States v. Robinson*, 2004 WL 557389 (N.D.Ill. March 22, 2004). In this latter case, Judge Holderman commented from the trial and sentencing records on the type and quantities of illegal drugs (heroin

and cocaine) which were, from "the overwhelming evidence," reasonably attributable to Robinson. These quantities, together with the murder of Mr. Barber as a racketeering act, drove the statutory maximum sentences to life.

Robinson contested the calculation of his sentence by the Bureau of Prisons in a prior action for habeas corpus relief. *Robinson v. Veach*, No. 2:07-cv-215-LJM-JMS (S.D.Ind. Feb. 13, 2008)("the prior habeas action"). His petition was denied based on the finding that there was no error in the computation of his sentence. There was no direct appeal taken from that decision, but the denial of relief he sought pursuant to Rule 60(b) was affirmed on appeal.

Robinson became eligible for parole consideration with respect to his old law convictions in 2006 but did not apply for such consideration until 2011. The Commission conducted an initial parole hearing for Robinson on May 4, 2011. The paroling policy guidelines found at 28 C.F.R. § 2.20 indicate the customary range of time to be served before release for various combinations of offense and offender characteristics.

The Commission's hearing examiner determined that Robinson's offense severity category was Eight because the offense involved aiding and abetting and interstate travel to commit murder. Applying Robinson's offense severity category and his salient factor score of 7, Robinson's parole guidelines required 120 plus months to be served before parole. *See* 28 C.F.R. § 2.20, Guidelines for Decision-Making Table.

On July 7, 2011, the Commission decided to continue petitioner to expiration. Because this decision required Robinson to serve more than 48 months above the minimum of the guidelines range, the Commission provided pertinent case factors for its decision, stating that Robinson's offense conduct involved interstate travel to commit murder of three separate individuals and resulting in the death of one of the targets.

Robinson appealed the Commission's decision to the National Appeals Board, which affirmed the Commission's determination in its decision of December 28, 2011.

## Discussion

Robinson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 based on his claim that the United States Parole Commission ("USPC" or "Commission") erred in its decision. No challenge to the computation of his sentences can be presented here because of the disposition in the prior habeas action and the absence of circumstances permitting a further challenge to it. No challenge to his convictions is permitted here because of orders of the Court of Appeals. These have been noted in various orders throughout the present case.

A prisoner serving a sentence of more than 30 years, such as Robinson, is eligible for release on parole after serving 10 years of his sentence. 18 U.S.C. § 4205. As a general matter, an eligible prisoner will be released on parole if the parole commission determines that release "would not deprecate the seriousness of his offense or promote disrespect for the law" and "release would not jeopardize the public welfare." 18 U.S.C. § 4206(a). If parole is denied the commission must furnish notice to the prisoner, and that notice must "state with particularity" the reasons for the denial. 18 U.S.C. § 4206(b). The Commission may deny release or extend a prisoner beyond the parole guidelines "if it determines there is good cause for so doing . . . ." 18 U.S.C. § 4206(c).

Judicial review of a decision by the Parole Commission is limited. *See Brown v. Lundgren,* 528 F.2d 1054 (5th Cir. 1976); *Billiteri v. United States Board of Parole,* 541 F.2d 938 (2d Cir. 1976). Absent a procedural or legal error, judicial review of Parole Commission action is limited to determining whether the Commission acted arbitrarily or capriciously in calculating an inmate's parole eligibility date. *Pulver v. Brennan,* 912 F.2d 894, 896 (7th Cir. 1990). An action of the Commission is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon

impermissible considerations, or when it fails to comply with the Commission's own rules and regulations. *Zannino v. Arnold,* 531 F.2d 687, 690–91 (3rd Cir. 1976). In evaluating the Commission's decision, "the inquiry is only whether there is a rational basis in the record for the Commission's conclusions . . . ." *Solomon v. Elsea,* 676 F.2d 282, 290 (7th Cir. 1990).

Robinson's challenge to the Commission's decision is broad but straightforward. His challenge consists in the denial of his culpability for the behavior on which his convictions is based. He supports this with a patchwork of information from news articles, letters, his own statements, and the like. This does not, however, erase the fact of those convictions, information from presentence investigation reports, and other official sources.

When fact findings are challenged, the court's review is limited to whether there is "some evidence" in support of the Commission's decision. *Maddox v. U.S. Parole Commission,* 821 F.2d 997, 1000 (5th Cir. 1987)("Although the Commission's decision must have a factual basis, judicial review is limited to whether there is "some evidence" in support of its decision). This standard of review does not require "examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence" in support of the challenged administrative decision. *See Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455 (1985). This standard is one of the narrowest known. *See United States v. Kizeart,* 505 F.3d 672, 674 (7th Cir. 2007).

Despite Robinson's contentions that there is exculpatory evidence otherwise, the Commission's findings easily satisfy the standard of judicial review. The Commission's authority to consider information contained in a presentence report is well established. *Malik v. Brennan,* 943 F.2d 54 (7th Cir. 1991)(citing cases). Robinson played a major role in a vast drug conspiracy lasting from 1983 until 1989. He argues, in part, that the Parole Commission mischaracterized his

offense behavior, but the court does not find it so. The Commission is under no obligation to credit Robinson's account of various events, and in the exercise of its habeas corpus jurisdiction this court is not entitled to re-weigh the evidence considered by the Commission. There is ample rational basis to support each of the Commission's findings and the conclusions drawn from those findings.

Additionally, Robinson argues that the Commission's finding of his responsibility for the murder of Leroy Barber and the attempted murder of two others is improper because a jury did not find him guilty of such offenses. This, Robinson claims, violates the rule set forth in the Supreme Court's decision in *Apprendi v. New Jersey,* 120 S. Ct. 2348 (2000). In *Apprendi,* the Court held that any fact, other than a prior conviction, which increases the penalty for a crime beyond the maximum statutory penalty authorized by a legislature must be submitted to a jury and proved beyond a reasonable doubt. 120 S. Ct. at 2362–63. This argument lacks merit. *First,* the *Apprendi* rule does not apply in parole proceedings. *See Young v. Apker,* 2007 U.S. Dist. LEXIS 51921 at *10 (S.D.N.Y. July 17, 2007). *Second*, the Commission's determination that Robinson's offense conduct involved interstate travel to commit murder of three separate individuals and resulted in the death of one of the targets could not have violated the rule announced in *Apprendi* because this determination did not cause an increase in Robinson's sentence and did not increase Robinson's penalty for his offenses beyond the maximum penalty authorized by Congress. *See West v. Outlaw*, 2007 WL 2903021, *10 (E.D.Ark. Oct. 2, 2007).

## Conclusion

The court finds that the Parole Commission has demonstrated good cause for extending petitioner's release date beyond that contemplated by the parole guidelines due to Robinson's involvement in numerous violent crimes and the scope and duration of the drug conspiracy.

Accordingly, the Commission did not abuse its discretion in making its determination.

Robinson's petition for writ of habeas corpus is therefore denied.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 10/07/14

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Noah R. Robinson
Reg. No. 99857-024
Terre Haute - FCI
P.O. Box 33
Terre Haute, IN 47808

gerald.coraz@usdoj.gov